IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3110 |
| vs. | TENTATIVE FINDINGS |
| JONATHAN H. GOUTY, | |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 83) to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)    impose upon the United States the burden of proof on all Guidelines enhancements;

(d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant has objected to three offense-level enhancements applied in the presentence report: (1) a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) based on the finding that 3 to 7 firearms were involved in the defendant's offense, (2) a four-level enhancement pursuant to § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, and (3) a 2-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. Filing 83.

First, the defendant argues that he was only found in possession of one weapon. Filing 83 at 1; filing 84 at 1. But possession of multiple firearms may be proven with circumstantial evidence. *See United States v. Fisher*, 965 F.3d 625, 630 (8th Cir. 2020); *United States v. Hemsher*, 893 F.3d 525, 534 (8th Cir. 2018). And a defendant's possession of a firearm for purposes of § 2K2.1(b)(1) need not be actual or exclusive: rather, it "may

be actual or constructive, sole or joint." *United States v. Vega*, 720 F.3d 1002, 1003 (8th Cir. 2013); *accord United States v. Caudle*, 968 F.3d 916, 920 (8th Cir. 2020); *United States v. Goldsberry*, 888 F.3d 941, 943 (8th Cir. 2018). Constructive possession is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. *Caudle*, 968 F.3d at 920; *see United States v. Miller*, 560 F.3d 751, 753 (8th Cir. 2009). Furthermore, when the defendants engaged in a conspiracy—as they did here—one defendant's foreseeable possession of firearms can be relevant conduct as to other defendants. *See United States v. Whiting*, 522 F.3d 845, 851 (8th Cir. 2008); *see also Vega*, 720 F.3d at 1003-04.

But for the § 2K2.1(b)(1) enhancement to be applied, the government has the burden to show by a preponderance of the evidence that the defendant constructively possessed at least 3 firearms, or that his co-conspirator's possession of the additional firearms was reasonably foreseeable. *See Caudle*, 968 F.3d at 920; *Whiting*, 522 F.3d at 851. Accordingly, the Court will resolve this objection at sentencing.

Second, the defendant argues that there's insufficient evidence to support the § 2K2.1(b)(6)(B) enhancement for possessing a firearm in connection with another felony offense, because the witness statements supporting that enhancement aren't credible. *See* filing 84 at 2. In applying § 2K2.1(b)(6) when the defendant has not been convicted of another state or federal felony offense, the Court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm facilitated that other felony. *United States v. Fisher*, 965 F.3d 625, 631 (8th Cir. 2020);

*see United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020). A drugs-for-guns scheme, if proved, would suffice. *See United States v. Trotter*, 721 F.3d 501, 505 (8th Cir. 2013). But because the government bears the burden on this issue as well, *see Mitchell*, 963 F.3d at 731, the Court will also resolve this objection at sentencing.

Finally, the defendant argues that the evidence is insufficient to support the obstruction of justice enhancement because he denies the alleged conduct, and that even if it was proved there's no evidence it "significantly impeded an investigation." Filing 84 at 2; *see* filing 83 at 2. But an attempt to obstruct justice need not succeed for this enhancement to apply. *See United States v. Vera-Gutierrez*, 964 F.3d 733, 737 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1252 (2021).[1] And the Court has broad discretion to apply § 3C1.1 to a wide range of conduct. *United States v. Sanders*, 4 F.4th 672, 679 (8th Cir. 2021). But again, because the allegedly obstructive conduct must be proved by a preponderance of the evidence, *see United States v. Bruguier*, 961 F.3d 1031, 1034 (8th Cir. 2020), the Court will resolve this objection at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

---

[1] The Court notes that when a defendant's own statements to law enforcement are alleged to be obstructive, there should be evidence they were materially false and "significantly obstructed or impeded an investigation." *See* § 3C1.1 cmt. n.4(G); *United States v. Melton*, 870 F.3d 830, 844 (8th Cir. 2017). But an attempt is sufficient for other kinds of obstructive conduct. *See United States v. Adejumo*, 772 F.3d 513, 529 (8th Cir. 2014). And this case doesn't involve the defendant's statements to law enforcement—rather, it's alleged that he threatened the witness and then directed her to file a false police report—so, simply attempting to obstruct justice would be enough.

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge